[No. 1716.]

BAILEY ET AL. v. BROWN ET AL.

TRUST DEEDS—FORECLOSURE SALE—ACTION TO SET ASIDE.

A foreclosure sale under a deed of trust will not be set aside on the ground that the trustee by mistake had misunderstood the time to which a postponement of the sale had been arranged by his counsel, where the beneficiaries in the trust deed were not responsible for such mistake and had offered to extend the loan upon the payment of interest.

*Appeal from the District Court of Arapahoe County.*

Mr. JOHN R. SMITH, for appellants.

Messrs. BENEDICT & PHELPS and Mr. HORACE PHELPS, for appellees.

BISSELL, P. J.

In June, 1888, Mrs: Bailey and her husband borrowed some $24,000, giving therefor two notes, one of $20,000 and one of $4,000. The larger note was payable two years after date and secured by trust deed on certain property in the city of Denver. The smaller note was paid, but the larger one was unliquidated at the time of the events which led to this suit. In November, 1896, under the power contained in the trust deed, Brown Brothers, who were the beneficiaries therein, advertised the property to enforce the payment of the note, which was more than six years past due. There was a very considerable arrearage of interest at the date of the advertisement, just exactly how much it is unnecessary to state, but it was upwards of $4,000, which was more, as we gather, than two years' interest. At this time Mr. Bailey was in New York, and learning of the advertisement was very desirous to postpone the sale, expecting to carry out some transaction in which he was engaged, whereby he ex-

pected to realize enough money to take care of the debt or of such part of it as was most immediately pressing. He communicated with Judge Helm in regard to the matter, who represented him and saw Brown Brothers with reference to the postponement of the sale. Judge Helm seems to have had full authority to act, but in his desire to procure a postponement Bailey seems also to have consulted another attorney, Mr. Roberts, that there might be no mistake respecting the postponement. Bailey borrowed $1,000 in New York and deposited it to the credit of the Browns in Kountz Brothers' bank, and advised the Browns and probably his attorneys respecting his deposit. The matter of this deposit and the nature of his application for a postponement, or the consideration for the payment of the money, are the only things about which there is any dispute, all parties agreeing in regard to the other terms and facts of the transaction. The only difference arises over the supposed condition attached to the payment of the $1,000 and its obligatory and binding force on the beneficiaries in the deed. At all events, disregarding what Bailey supposed was the agreement, the sale which was advertised to take place on the 8th of December was canceled. It was readvertised for sale on the 19th day of January, which gave Bailey forty-two days' extension of time in which to pay the accrued interest and do what else the holders of the security might require. On the 19th the property was sold and of that Mr. Bailey was advised immediately by letter, and he protested on the ground that he had paid the $1,000 on the condition that he should have an extension of ninety days. In June following he filed this bill to set aside the sale on the ground of mistake, offering to pay what might be found to be due on an accounting, and the matter was submitted in October and the decree delayed for a month to give the parties an opportunity to make some arrangement for time on the loan. Brown Brothers seem to have been very willing to do whatever was necessary to enable the Baileys to get out of the difficulty, and made a good many offers of adjustment which would have been very satis-

factory had Mr. Bailey had his money or if he had been able to raise any. In fact Brown Brothers offered to renew the loan for $16,000, Bailey paying the balance, and in the mean time take off twenty-five per cent of all the interest which had accumulated and which should accumulate during the period of the extension. It was a very liberal offer on the part of the creditors, but Mr. Bailey was unable to raise any money or to do anything with reference to the redemption of the property.

The whole theory of the bill was grounded on an alleged mistake. It was averred that Bailey was misled and is therefore entitled to a readvertisement. We do not discover sufficient equities in the case to entitle the Baileys to this relief. We very gravely doubt whether there was in the original arrangement any condition that a ninety days' extension should be given before the $1,000 should be paid. Doubtless Mr. Bailey so wrote the Brown Brothers, but antecedently to the time that communication was received Judge Helm, having authority to act, had already negotiated with them, and had agreed that the sale, which was advertised for the 8th of December, should be canceled and the property readvertised and forty-two days' extension secured to Mr. Bailey for the purpose of raising the money, he in the mean time paying this $1,000 for this extension. Whatever may have been Mr. Bailey's purpose, and however much he may have desired the ninety days' extension, he placed no such limitation on the power of the attorney who had apparent authority to act in the premises, and who made an agreement binding on the parties. Of this arrangement Mr. Bailey was duly advised and a letter from Judge Helm of December 10 conveyed to him full information of what had been done, the amount of interest which would be due on the 6th of January, 1897, the taxes to be paid, the interest on them and distributing the $1,000 according to the statement contained in the letter. · The letter also contained the statement that Brown Brothers would extend the loan if he would pay the balance of the interest, throwing off twenty-five per cent of

it, and if he would pay a year's interest in advance; they would extend the loan for a year and deduct twenty-five per cent from that year's interest. Of this Mr. Bailey was duly advised before the middle of December and had more than thirty days for the purpose of carrying out the arrangement which his attorney had very successfully made in his behalf. If Mr. Bailey had had any money or had been able in anywise to pay, the proposition was an exceedingly good one, and he certainly would have embraced it, the loan would have been extended, the interest reduced and the arrearages paid off and the property would not have been subject to sale. We do not deem it necessary to further extend the opinion by a recital of the other evidence or to state the differences between the witnesses. This is a substantial history of the transaction. We are wholly unable to discover from the records that the Baileys were misled by the proceedings, or that anything was done by the Brown Brothers otherwise than very leniently to exercise their strict legal rights which were totally unaffected so far as we can discover from any outstanding equities on behalf of the Baileys by reason of the payment of the $1,000 or by reason of any other equitable consideration.

The decree which was entered on this testimony in the court below was entirely right; we can discover no legal errors in the record and the judgment will accordingly be affirmed.

<em>Affirmed.</em>